IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DARRYL HANDLEY**                                                                                           **PLAINTIFF**

v.                                    **Case No. 4:22-cv-00220 KGB**

**KONINKLIJKE PHILIPS N.V.,** *et al.*                                                         **DEFENDANTS**

**ORDER**

  Before the Court is defendants Philips RS North America LLC ("Philips RS"), Philips Holding USA, Inc. ("Philips Holding"), and Philips North America LLC's ("Philips North America") (collectively "Defendants") unopposed motion to stay proceedings in this action including filing of answers, motions to dismiss, and any other pleadings by all parties, pending finalization of the order entered by the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferring this action to *In re: Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation*, Case No. 2:21-mc-01230 (W.D. Pa.) (JFC) (hereinafter "the MDL") (Dkt. No. 4).  This case was removed to the Eastern District of Arkansas on March 10, 2022 (Dkt. No. 1).  The case was identified as a tag-along action to the MDL on March 11, 2022, and the JPML entered a Conditional Transfer Order transferring the case to the MDL on March 14, 2022 (Dkt. Nos. 5, at 2; 5-2).  Defendants contend there is good cause to stay proceedings in the light of the pending transfer of this action to the MDL (Dkt. No. 5, at 2).  Defendants provide examples of other courts that have entered stays in similar cases (Dkt. No. 5-3).

  This Court may, in its discretion, stay proceedings before it pending resolution of a motion brought pursuant to 28 U.S.C § 1407.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (same). Further, "[a] district court has broad discretion to stay proceedings when doing so is appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006)). "A Court may properly stay an action where the following criteria are met: (1) the stay does not prejudice the non-movant; (2) the movant would suffer hardship and inequity without a stay; and (3) the stay serves the interests of judicial economy and efficiency." *Adams v. Tyson Foods, Inc.*, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007) (citing *Rivers*, 980 F. Supp. at 1358).

The Court concludes that a stay is appropriate in this action. First, any stay in this action will be brief, and the plaintiff Darryl Handley does not oppose the stay; neither party will be prejudiced if the Court stays the case (Dkt. No. 4). Second, Defendants plausibly allege that they would suffer hardship and inequity if the Court does not stay the case by having to litigate matters in multiple venues and receive potentially conflicting rulings. Third, a stay would result in the conservation of judicial resources because of the potential that the Court expends significant time and effort on matters that will be duplicated when the action is transferred to the MDL.

For good cause shown, the Court grants Defendants' unopposed motion to stay proceedings until the JPML transfers the case to the MDL (Dkt. No. 4).

It is so ordered this the 17th day of March, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge